In the Matter of the ATTORNEY-GENERAL, Appellant, *v.* THE GUARDIAN LIFE INSURANCE COMPANY, et al.

Prior to the passage of the act of 1883 (Chap. 378, Laws of 1883), the commissions of a receiver of an insolvent life insurance company were properly fixed by the court which appointed him, not exceeding, however, five per cent on receipts and disbursements.

(Argued June 5, 1883 ; decided June 12, 1883.)

THIS was an appeal by the Attorney-General from an order of General Term of the Supreme Court, which affirmed an order of Special Term, fixing the commissions of Henry R. Pierson, receiver of the said Guardian Mutual Life Insurance Company, at five per cent on the amount of the assets of the company.

The following is the mem. handed down.

" The receiver claims that he is entitled to be allowed such commissions as may be fixed by the court which appointed him, not exceeding five per cent of the amount received and disbursed by him, and the appellant claims that his commissions must be such only as are by law allowed to executors and administrators.

" The statutes regulating the compensation of receivers prior to chapter 378 of the Laws of 1883 are in great confusion, and it is extremely difficult to determine their precise force and effect. Much can be said in favor of the conflicting views contended for by the learned counsel upon the argument of this case. Whichever view we should take of the matter would not be free from some doubt. We are inclined to believe that the Supreme Court has properly construed the statutes, and we certainly do not see our way clear to a reversal of its decision. We accept this result the more readily as the recent statute above referred to removes all doubt as to the compensation of receivers, and as those cases which may not be governed by the statute are subject to the control of the Supreme Court in the exercise of its discretion at the Special Term, and upon review at the General Term within the limit of five per cent.

" The order of the General Term should, therefore, be affirmed, but under the circumstances without costs."

*John C. Keeler* for appellant.

*Rufus W. Peckham* for respondent.

EARL, J., reads mem. for affirmance.
All concur, except MILLER, J., not voting.
Order affirmed.