Bartlett, J.
—By an order made in this action on the 23d day of February, 1884, Alexander Stoddart was appointed manager to close up the business of the New York Underwriters’ Agency, and receiver of the property, moneys and matters pertaining to the closing up of its business. This agency was a voluntary association of insurance corporations for the transaction of the business of fire insurance. A similar organization to which the Hanover, Germania, Republic and Niagara Insurance Companies belonged had existed prior to 1874 under the general management of Mr. Stoddart. A new one was formed in the latter part of 1873 of which the only members were the two companies which are parties to this suit. This agency was to continue ten years from January 1, 1874, unless terminated sooner by three months notice, but, whenever terminated, its affairs were to be wound up by Mr. Stoddart unless both companies should object. Differences arose between the companies leading to litigation in 1883 and resulting in *482 the appointment of Mr. Stoddart as receiver by the order already mentioned.
After acting as receiver about eleven months, Mr. Stoddart appears substantially to have completed the excution of his trust. He then applied to the court for an order allowing his accounts and fixing his commissions. His accounts were approved, his fees were fixed at $20,000, and his attorneys were granted an allowance of $1,500. An allowance of $750 was also made to the attorneys for the Germania Insurance Company, the present appellant, for which, however, they did not ask. No objection is made to the confirmation of the receiver’s accounts, but the appellant insists that the compensation awarded to the receiver is excessive and that there is no authority whatever for the allowances to the attorneys under such circumstances as existed in this proceeding.
The learned counsel for the receiver, suggests that the act of the court below in fixing the commissions of his client cannot be the subject of an appeal to the general term, in the absence of any proof tending to show an abuse of the discretion conferred by section 3320 of the Code of Civil Procedure, which provides that a receiver is entitled to such commissions not exceeding five cent upon the sum received and disbursed by him “as the court by which or the judge by whom he is appointed allows.” This discretion, however, is subject to the supervisory jurisdiction of the same court at general term.
In the absence of authority it would seem plain that the allowance of compensation to a receiver in excess of the fair and reasonable value of his services affects a substantial right of any party having an interest in the fund out of which the commission is to be paid; but there is express authority to the effect that those cases relating to the compensation of receivers which are not governed by the statute commonly known as the Haggerty act (Laws 1883, chap. 378) “are subject to the control of the supreme court in the exercise of its discretion at the special term and upon review at the general term within the limit of five per cent.” Matter of Att'y-Gen. v Guardian Life Ins. Co., 93 N. Y., 631.
On this branch of the appeal, therefore, the. question to-be determined is whether the work done by the receiver was fairly and reasonably worth the sum of $20,000. His affidavit states that the business required his arduous and continuous personal attention; that he furnished each of the companies belonging to the New York Underwriters’ Agency with daily and weekly reports relating to the losses; and that the total- receipts were $727,067.27, and the disbursements $725,899.80, thus showing that the court at- *483 special term did not exceed the five per cent limit imposed by the Code. It appears, however, that the affairs of the receivership did not by any means occupy all the time or attention of Mr. Stoddart. A third New York Underwriters5 Agency had been formed, composed of the Hanover Fire Insurance Company and the Citizens5 Insurance Company, and this was managed by Mr. Stoddart simultaneously with the liquidation of the old business of the previous agency to which the parties to this action belonged. In an affidavit read in behalf of the appellant, it is asserted that the business of the new agency has required much the greater part of Mr. Stoddart’s time and labor during the period of the receivership. This allegation is not met in such a manner as to convince us that Mr. Stoddart did. more as receiver of the old concern than he did as manager of the new one. There are denials in his answering affidavit, but they are so qualified as to convey a clear impression that the receivership left him considerable time to devote to his new work. His compensation as manager of the New York Underwriters’ Agency, in the year preceding his appointment as receiver, had been a salary of $8,000, and ten per cent on all profits accruing to the companies from business done through the agency. Since the receivership this percentage has amounted to only $1,363.9*7; so that Mr. Stoddart’s compensation for winding up the agency, if measured by the agreement which regulated his pay for carrying it on, would be less than $10,000.
But it is said that the year 1884 was extraordinarily disastrous for fire insurance companies, so that their profits were greatly lessened; and a fairer standard might be the average receipts per annum of Mr. Stoddart during the twenty years in which he managed the combined affairs of the companies constituting the so-called agency. His net compensation for this entire period is stated to have amounted to over $300,000, or, on an average, more than $15,000 a year. There is no evidence that his labors, as receiver, were anymore arduous in their character than those which he formerly performed as manager, and it is probably quite within bounds to assume that they did not engross more than two-thirds of his time. It is clear, however, that the expenses of the receivership were to some extent lessened by the facilities afforded by the new business which Mr. Stoddart carried on simultaneously with the liquidation. Taking into consideration this fact and all the other facts in behalf of the receiver which appear in the papers in this proceeding, we are satisfied that he would be amply compensated by allowing him $10,000. His commissions will, therefore, be reduced to this amount.
We are unable to find any authority upon which the *484 allowances to the attorneys for the parties can be sus-' tained. The action has not been determined. There has been no award of costs. Hence there can be no “additional ■ allowance.”
The order appealed from should be modified by reducing' the commissions of the receiver to $10,000 and by striking out the allowance to the attorneys, and as thus modified affirmed, without costs.
Van Brunt, Ch. J., and Daniels, J., concur.